IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KATE HAWKINS WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:12-cv-228-MEF |
| | ) | (WO – Do Not Publish) |
| KENNY HARDEN, *et al.*, | **)** | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Kate Hawkins Warren ("Ms. Warren" or "Plaintiff") brings claims against various employees and healthcare providers working at the Butler County, Alabama Detention Center for the alleged wrongful death of her husband while he was in the defendants' custody.  This cause is presently before the Court on Defendants Regina Mitchell, Johnny Bates, and QCHC Inc.'s (collectively, "QCHC Defendants") Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement and Motion to Strike (Doc. #12).

### I. BACKGROUND AND PROCEDURAL HISTORY

On February 9, 2012, Ms. Warren filed this action in the Circuit Court of Butler County, Alabama, seeking damages and injunctive relief for the alleged wrongful death of her husband, Ronnie O'Neal Warrren ("Mr. Warren").  (Doc. #1-1.)  Ms. Warren filed this action on behalf of Mr. Warren's estate.  Ms. Warren brings claims against Butler County Sheriff Kenny Harden ("Harden"), jail administrator Captain Albert McKee ("McKee"),

Quality Correctional Healthcare, Inc. ("QCHC"), Nurse Regina Mitchell ("Mitchell"), and Dr. Johnny E. Bates ("Dr. Bates"), the owner and operator of QCHC.[1]  After Ms. Warren amended her Complaint in state court on February 24, 2012 (Doc. #1-2), Defendants Harden and McKee removed this action to federal court on March 13, 2012.  (Doc. #1.)

Mr. Warren was an inmate at Butler County Detention Center from February 6, 2010, until February 10, 2010.  (Doc. #1-2, at ¶ 6.)  Ms. Warren alleges that her husband was suffering from hypertension, cardiovascular disease, and Type II diabetes when he was taken into custody at Butler County Jail.  (Doc. #1-2, at ¶ 7.)  Ms. Warren further contends that the defendants, collectively, negligently and wantonly caused Mr. Warren's death by failing to provide him his medications—blood pressure medicine and insulin—and by placing him in solitary confinement instead of hospitalizing him when he asked for medical care and treatment.  (Doc. #1-2, at ¶ 7.)

## II. JURISDICTION AND VENUE

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). The QCHC Defendants do not contend that the Court lacks personal jurisdiction over them, and the Court finds adequate allegations supporting the Court's exercise of personal jurisdiction.  Although the

---

[1] Ms. Warren also asserts claims against three fictitious party defendants in her Amended Complaint. (Doc. #1-2, ¶ 5.) Because the Federal Rules of Civil Procedure do not allow for fictitious party practice, the Court does not address these claims. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."); *see, e.g.*, *New v. Sports & Recreation*, *Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Harris v. Palm Harbor Homes, Inc.,* 198 F. Supp. 2d 1303, 1304 n.6 (M.D. Ala. 2002); *Edwards v. Ala. Dep't of Corr.,* 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000).

QCHC Defendants contend in their Motion to Dismiss that venue is improper (Doc. #12, at ¶ 7), the Court finds that venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. MOTION TO DISMISS STANDARD

Rule 12(b)(6) provides that a defendant may defend against the allegations of a complaint by persuading the court that the complaint fails to state a claim upon which relief can be granted. Such a contention necessarily implicates the requirements for pleading set forth in Federal Rule of Civil Procedure 8(a)(2).

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

Prior to the Supreme Court's decision in *Twombly*, a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, the standard is somewhat different. As the Supreme Court has explained,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949; *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).

A court seeking to apply this standard should begin the analysis of a complaint "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1951. According to the Supreme Court, the allegations in the complaint which merely state legal conclusions, constitute bald assertions devoid of further factual enhancement, or set forth formulaic recitations of the elements of the claim are not entitled to the assumption of truth and should not be considered in the court's analysis of whether the complaint plausibly gives rise to entitlement to relief. *Id.* at 1949–51. Next, the court is to consider the well-pleaded, nonconclusory factual allegations which are entitled to the presumption of truth "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1950–51. It is in this step that the court must ascertain whether the complaint's allegations cross the line between merely conceivable or possible and plausible. *Id.*

## IV. DISCUSSION

The QCHC Defendants move this Court to dismiss the claims against them for Plaintiff's failure to state a claim upon which relief can be granted pursuant to Federal Rule

of Civil Procedure 12(b)(6) and, more specifically, Plaintiff's failure to meet the pleading requirements for medical malpractice claims under Alabama Code § 6-5-551.[2] Section 6-5-551 requires that a plaintiff alleging a medical malpractice claim "include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts." Ala. Code § 6-5-551. The Supreme Court of Alabama has construed § 6-5-551 to mean that, "although every element of the cause of action need not be stated with particularity, the plaintiff must provide the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm." *Mikkelsen v. Salama*, 619 So. 2d 1382, 1384 (Ala. 1993).

However, the Alabama Supreme Court also noted that as long as fair notice is provided, "courts should strive to find that the complaint includes the necessary 'detailed specification and factual description of each act and omission alleged.'" *Mikkelsen*, 619 So. 2d at 1384. The complaint at issue in *Mikkelsen* alleged that the defendant's physician prescribed a medication for bipolar disorder but failed to warn her not to operate a motor vehicle while taking the medication or suffering from the disorder. *Id.* at 1384–85. The

---

[2] Federal courts apply substantive state law to claims over which it is asserting supplemental jurisdiction, and federal law to procedural issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Courts in this circuit have repeatedly applied the substantive pleading requirement of § 6-5-551 to medical malpractice claims over which they were exercising supplemental jurisdiction. *See, e.g.*, *Kruse v. Byrne*, No. CA 11-00513-KD-C, 2012 WL 5469801, at *12 (S.D. Ala. Oct. 19, 2012); *M.D.P. Houston Cnty. Healthcare Auth.*, 821 F. Supp. 2d 1295, 1301 (M.D. Ala. 2011).

Alabama Supreme Court held that these simple allegations satisfied the pleading requirements of § 6-5-551 for a claim of failure to warn. *Id.* at 1385.

The QCHC Defendants argue that Plaintiff's Amended Complaint fails to allege any specific act or omission against the QCHC Defendants as required by § 6-5-551, and therefore, it should be dismissed. More specifically, the QCHC Defendants contend that Plaintiff's claims against them are insufficiently pleaded because Plaintiff fails to state a "specific negligent act." (Doc. #12, at 3.) The QCHC Defendants also argue that Plaintiff's claims fail because they do not allege specific dates and times at which the negligent acts and omissions occurred. (Doc. #12, at 4.)

The Court concludes that Plaintiff's allegations are sufficient to meet the pleading standard of § 6-5-551. Plaintiff alleges that the QCHC Defendants, along with all the other defendants, ignored Mr. Warren's requests for medical treatment and to be taken to the hospital, and instead placed Mr. Warren in solitary confinement. (Doc. #1-2, at ¶ 7.) Plaintiff also contends that all the defendants, collectively, failed to provide Mr. Warren with the medication he needed while he was in custody over a four-day period from February 6, 2010, to February 10, 2010. (Doc. #1-2, at ¶ 7.) Plaintiff further alleges that QCHC is vicariously liable for the negligent care provided by Mitchell, because it failed to properly train and supervise her. (Doc. #1-2, at ¶ 10.) Lastly, Plaintiff alleges that the QCHC Defendants "failed to ascertain [Mr. Warren's] medical history" despite his complaints regarding his health and his need for medications. (Doc. #1-2, at ¶ 12.) When compared with the allegations at issue in *Mikkelson*, Plaintiff's allegations, as described above, are

sufficiently specific to meet § 6-5-551's requirements. *See Mikkelson*, 619 So. 2d at 1385 (finding that a bipolar patient's allegation that her doctor failed to warn her about the hazards of driving under the influence of certain medications was sufficient to meet the standard of § 6-5-551).

Moreover, the Court finds that Plaintiff has met the requirement that she "include, when feasible and ascertainable, the date, time, and place of the act or acts." Ala. Code § 6-5-551. Ms. Warren has alleged that the QCHC Defendants' omissions took place at the Butler County Jail over a narrow and specific four-day window of time immediately preceding his death on February 10, 2010. Because the QCHC Defendants' omissions were allegedly ongoing over a period of four days, it would not have been feasible for Plaintiff to specify the exact times the omissions occurred. Moreover, because Mr. Warren passed away, the exact times at which he allegedly made his requests for medical treatment and medication and the exact times at which the QCHC Defendants allegedly disregarded them would have been difficult for Plaintiff to ascertain at the time she filed her Amended Complaint. Accordingly, the QCHC Defendants' Motion to Dismiss is due to be DENIED.

The QCHC Defendants also move, in the alternative, for a more definite statement of Ms. Warren's claims against them pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and the pleading requirements of Alabama Code § 6-5-551. Rule 12(e) allows a party to move for a more definite statement of a pleading if the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such

a motion must point to the deficiencies in the complaint and the details desired in the more definite statement.  *Id.*

The Court finds that, although Ms. Warren's Amended Complaint meets minimum pleading requirements, because she has pleaded many of her claims against all of the defendants, collectively, in lengthy paragraphs, it is ambiguous as to exactly which claims are alleged against each defendant.  For example, it is unclear which of the defendants allegedly confined Mr. Warren to solitary confinement when he requested to be transported to the hospital.  (Doc. #1-2, at ¶ 7.)  It is also unclear from the Amended Complaint which omissions are alleged against Dr. Bates and which omissions are alleged against Mitchell.  For this reason, the QCHC Defendants' Motion for a More Definite Statement is due to be GRANTED.  The Plaintiff shall file an amended complaint that makes clear which of the claims in her First, Fourth, Fifth, and Sixth Causes of Action are asserted against Defendants Harden and McKee and which are asserted against each of the QCHC Defendants.

## V. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED that

(1)    The QCHC Defendants' Motion to Dismiss (Doc. #12) is DENIED.

(2)    The QCHC Defendants' Motion for More Definite Statement (Doc. #12) is GRANTED.  Ms. Warren shall file an amended complaint, **on or before April 19, 2013**, that specifies which of the claims in her First, Fourth, Fifth, and Sixth Causes of Action apply to the QCHC Defendants and which apply to Defendants Harden and McKee.

     (3)     The QCHC Defendants' Motion to Strike (Doc. #12) is DENIED with leave to refile upon the filing of Ms. Warren's amended complaint.

DONE this the 29th day of March, 2013.

                                                /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE